**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Jerry TOSH, Defendant-Appellant.**

No. 83–5469.

United States Court of Appeals, Sixth Circuit.

Submitted March 7, 1984.

Decided May 3, 1984.

Sheldon Yavitz, Miami, Fla., for defendant-appellant.

Ronald E. Meredith, U.S. Atty., Alexander T. Taft, Jr., First Asst. U.S. Atty., Louisville, Ky., for plaintiff-appellee.

Before MERRITT and KRUPANSKY, Circuit Judges, and WEICK, Senior Circuit Judge.

KRUPANSKY, Circuit Judge.

Defendant-Appellant, Jerry Tosh, appealed the order of the United States District Court for the Western District of Kentucky disqualifying his attorney, Sheldon Yavitz, pursuant to a motion to prohibit multiple representation initiated by the United States pursuant to Rule 44(c) Fed.R.Crim. Pro. As more fully discussed below, however, appellant's appeal from the district court order must be dismissed for the reason that a pretrial disqualification of defense counsel in a criminal prosecution is not immediately appealable as a final order pursuant to 28 U.S.C. § 1291.

The pertinent facts reveal that a multicount grand jury indictment charging thirty (30) defendants with conspiracy to distribute marijuana and cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846 and Title 18, § 2 and related narcotics possession charges was filed in the United States District Court for the Western District of Kentucky on April 27, 1982.

Attorney Yavitz was retained by defendant Robert Lyon and appellant Tosh to represent them in the case. Yavitz appeared at their arraignment and retained

local counsel to assist in the defense of both Lyon and Tosh. Lyon was charged in the first count with conspiracy to distribute marijuana and cocaine, in count 5 with possession of marijuana, and in count 6 with possession of cocaine. Appellant Tosh was charged in the first count with conspiracy to distribute marijuana and in count 4 with distribution of 148 pounds of marijuana and ¼ ounce of cocaine.

On motion of the Assistant United States Attorney, the district court conducted a hearing pursuant to Rule 44(c) Fed.R.Crim. Pro. to determine whether the multiple representation of any of the defendants presented a possible conflict of interest. During the hearing, appellant informed the district court that he would not waive any possible claim of conflict of interest arising from attorney Yavitz's multiple representation of Lyon and himself and, furthermore, that he did not wish to have Yavitz represent him in further proceedings.

Consequently, the district court relieved attorney Yavitz from further representation of Tosh in the criminal proceeding. Although Tosh subsequently sought a rehearing of the district court's decision to disqualify Yavitz as his counsel the district court denied appellant's motion for a rehearing and the present appeal ensued.

On appeal, appellant cites the recent Sixth Circuit case of *United States v. Phillips*, 699 F.2d 798 (6th Cir.1983), for the proposition that an order granting the governments pretrial motion to disqualify counsel in a criminal case is immediately appealable pursuant to § 1291. In *Phillips* this circuit held that the pretrial disqualification of counsel constituted a collateral order sufficient to except it from the final judgment rule set forth in § 1291. *Id.* at 800. Citing *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978), the court in *Phillips* noted:

"This decision appears to fall in that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to

require that appellate consideration be deferred until the whole case is adjudicated." [*Cohen v. Beneficial Loan Corp.*] 337 U.S., [541] at 546 [69 S.Ct., 1221 at 1225, 93 L.Ed. 1528].

*Id.* at 801.

The United States Supreme Court, however, specifically addressing the identical issue in a criminal prosecution held that such an order is not immediately appealable. *Flanagan v. United States*, — U.S. ——, 104 S.Ct. 1051, 79 L.Ed.2d 288 (1984). In *Flanagan*, the court noted:

" '[T]he final judgment rule is the dominant rule in federal appellate practice.' 6 Moore Federal Practice (2d ed. 1953), 113. Particularly is this true of criminal prosecutions." *DiBella v. United States*, 369 U.S. 121, 126 [82 S.Ct. 654, 658, 7 L.Ed.2d 614] (1962). Nothing about a disqualification order distinguishes it from the run of pretrial judicial decisions that affect the rights of criminal defendants yet must await completion of trial-court proceedings for review. Such an order fails to satisfy the stringent conditions for qualification as an immediately appealable collateral order, and the overriding policies against interlocutory review in criminal cases apply in full. The exceptions to the final judgment rule in criminal cases are rare. An order disqualifying counsel is not one.

*Id.* at 104 S.Ct. at 1057.

To the extent that *Phillips* stands for the proposition that a pretrial order disqualifying defense counsel in a criminal case is immediately appealable as a collateral order exception to the final judgment rule under § 1291, it is overruled in light of the Supreme Court's unanimous decision in *Flanagan*. Accordingly, appellant's present appeal must be dismissed for failure to present this court with a final appealable order. It is therefore ordered that this appeal be and it is hereby dismissed.